UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HAKIM KAMAU,                           )
                                       )
            Petitioner,                )
v.                                     )      No. 1:15-cv-01804-JMS-DML
                                       )
WILLIAM WILSON,                        )
                                       )
            Respondent.                )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Hakim Kamau for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be **dismissed for lack of jurisdiction.** In addition, Kamau must either pay the filing fee or demonstrate his financial inability to do so and the court will decline to issue a certificate of appealability. These conclusions rest of the following facts and circumstances:

1.      Kamau shall have **through December 8, 2015** in which to either pay the $5.00 filing fee for this action or demonstrate that he lacks the financial means to do so.

2.      Kamau is a state prisoner who is serving the sentence imposed by a state court following his 2006 Marion County convictions for child molesting and sexual misconduct with a minor. Those are the same convictions challenged in this case.

3.      He has filed a petition for writ of habeas corpus, seeking his release. Kamau filed a prior habeas action in this court, which was docketed as No: 1:07-cv-1242-SEB-TAB and

dismissed in *Kamau v. Warden, Indiana State Prison,* 2008 WL 2266337 (S.D.Ind. June 3, 2008). That earlier habeas action was dismissed with prejudice based on the findings that the evidence was constitutionally sufficient and that the admission of testimony of the victim's mother did not entitle Kamau to federal habeas relief. Both this court and the Court of Appeals then declined to issue a certificate of appealability.

4. Kamau filed a motion for relief from judgment in the prior habeas action on November 6, 2015. Applying the rule of *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), required that the motion be treated as a new action. That treatment resulted in this case being opened, and the habeas petition in this action is the Rule 60(b) motion filed in No: 1:07-cv-1242-SEB-TAB.

5. The present action has thus been reviewed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts* without further notice to the parties. *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief.").

6. A petitioner is entitled to one clean shot at establishing entitlement to relief in a federal habeas corpus proceeding. *Paulousky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir. 2005). Not all subsequent petitions, however, are considered to be "second or successive." *See Panetti v. Quarterman,* 551 U.S. 930, 944 (2007)("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application"). Previous petitions dismissed for technical or procedural deficiencies, such as filing in the wrong district, failing to pay the filing fee, or failing to exhaust state-court remedies, do not "count" because the petitioner can cure the problems before refiling. *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir.

2003). Rather, "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits." *Garrett v. United States,* 178 F.3d 940, 942 (7th Cir. 1999). However, when there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).  A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d at 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

7. With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

8. Pursuant to Federal Rule of Appellate Procedure 22(b) and Rule 11(a) of the *Rules Governing § 2254 Proceedings* the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

> a. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).

      b.    Here, Kamau has failed to make a substantial showing of the denial of a constitutional right. *See Peterson v. Douma,* 751 F.3d 524, 528 (7th Cir. 2014). Therefore, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Date: November 19, 2015

                                            Hon. Jane Magnus-Stinson, Judge
                                            United States District Court
                                            Southern District of Indiana

Distribution:

Hakim I. Kamau
#923538
Indiana State Prison
One Park Row
Michigan City, IN 46360